UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LUTHER W. BOOKER, 23-B-1430,

                        Plaintiff,

      -against-

SUFFOLK COUNTY DEPARTMENT OF CORRECTIONS,
SUFFOLK COUNTY CORRECTIONAL OFFICERS
BENEVOLENT ASSOCIATION, THOMAS LOMBARDI,
Badge No. 1629; DONALD CHAFIN, Badge No. 1524;
JOHN DOE, Badge No. 1868; VINCENT GERACI, Medical
Director; in their individual and official capacity;

                        Defendants.
-------------------------------------------------------------------------X

FILED
CLERK

1:08 pm, Nov 15, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-CV-7732(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

Before the Court is the *pro se* complaint of Luther W. Booker ("Plaintiff") filed while incarcerated at the Auburn Correctional Facility together with an application to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form ("PLA").  *See* Docket Entry "DE" 1, 2, 4.  Upon review of Plaintiff's filings, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee.  Accordingly, Plaintiff's application to proceed IFP is granted.  However, for the reasons that follow, Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as set forth below.

## BACKGROUND

Plaintiff's complaint is submitted on the Court's general complaint form and is brief. *See* DE 1.  Plaintiff names the Suffolk County Department of Corrections (the "SCDOC"), the Suffolk County Correctional Officers Benevolent Association ("SCCOBA"), Vincent Geraci who is alleged to be the medical director at the Suffolk County Correctional Facility (the "Jail") and three Suffolk County corrections officers: Thomas Lombardi ("C.O. Lombardi"), Donald

Chaffin ("C.O. Chafin"), and an unnamed individual identified as Badge No. 1868 ("C.O. John Doe" and collectively "Defendants") as defendants. *Id.* at 1, and at 2 ¶ I. B.  The complaint alleges that Plaintiff's claims arise under 42 U.S.C. § 1983 ("Section 1983), as well as 18 U.S.C. § 1001, 22 U.S.C. §§ 611, 618, and 26 U.S.C. §§ 2032, 2032A(e)(11) and, in its entirety alleges:[1]

> My 8th Amendment Constitutional Right to Constitutional Due Process of Law Rights was violated when I experienced cruel and unusual punishment and assault by correctional officers in Suffolk County.
>
> In violation of his 8th Amendment right to be free from cruel and unusual punishment on 10/19/22 at 8:11 am, the plaintiff was brutally assaulted by the Defendants in the medical corridor of the Suffolk County Jail that resulted in him sustaining the severe injuries of a fractured right forearm & a fractured pinky finger.  The Plaintiff missed a 10/19/22 court date due to the fact that he was awkwardly handcuffed behind his back while he was left screaming in a holding pen for 2 ½ hours which resulted in his injuries.  The plaintiff was denied medical attention for over 24 hours.  At all times, these acts was committed by the defendants when they all failed to be in compliance with 22 USC § 611 et seq., 26 USCA § 2032A(e)(11), 18 USC § 1001 & 22 USC § 618.

*Id.* at ¶ III.  For relief, Plaintiff seeks a monetary award in the total sum of $28 million in addition to unspecified injunctive relief.  *Id.* ¶ IV.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

**I.     *In Forma Pauperis***

Upon review of the IFP application, the Court finds that Plaintiff is qualified by his

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation or grammar will not be corrected or noted.

financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (DE 2) is granted.

## II.     Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

3

## DISCUSSION

Plaintiff alleges that was subjected to excessive force by corrections officers at the Jail and then was denied adequate medical care for his injuries. Such claims are properly brought pursuant to 42 U.S.C. § 1983 ("Section 1983").[2]

**I.      Section 1983 Claims**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1)

---

[2] Although Plaintiff also alleges that his claims arise under 18 U.S.C. § 1001, 22 U.S.C. §§ 611, 618, and 26 U.S.C. §§ 2032, 2032A(e)(11), these statutes have no relevance to the alleged facts and/or do not provide a ground for relief. *See Hubbard v. United States*, 514 U.S. 695, 699 (1995) ("Section 1001 criminalizes false statements and similar misconduct occurring 'in any matter within the jurisdiction of any department or agency of the United States.'"); *see also Burton v. City of New York Police Dep't*, No. 14-CV-7158(WFK)(RER), 2014 WL 7427534, at *2 (E.D.N.Y. Dec. 30, 2014) (dismissing claim brought under 18 U.S.C. § 1001 because "[c]riminal prosecutions are within the province of the prosecutors who have unreviewable discretion over the decision not to prosecute. (citing *Leeke v. Timmerman*, 454 U.S. 83, 85-86, (1981) ("'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Meng v. Xinhuanet Co., Ltd.*, 16-CV-6127 (ER), 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017) (dismissing the private plaintiff's Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611, claim because neither the statutory text nor legislative history suggested congressional intent to provide a private cause of action); *An v. Despins*, No. 22-CV-10062 (VEC), 2023 WL 4931832, at *3 (S.D.N.Y. Aug. 2, 2023) (dismissing claim brought pursuant to 22 U.S.C. § 618 because "FARA vests the Attorney General with the exclusive authority to prosecute violations of the registration requirement, and there is no indication that Congress intended to create a private right of action"); *Charlesetta O"Neal: Bey v. Mun. Credit Union*, No. 16-CV-438 (AMD), 2016 WL 880171, at *2 (E.D.N.Y. Mar. 1, 2016) (dismissing, *inter alia*, *pro se* plaintiff's claims brought pursuant to the "Internal Revenue Code at 26 U.S.C. § 2032A(e)(11)"); *see also* 26 U.S.C. § 2032 ("Alternate Valuation [of the Gross Estate]").

acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

### A. Section 1983 Claims Against the SCDOC and the SCCOBA

Plaintiff's Section 1983 claims against the SCDOC and the SCCOBA necessarily fail. The SCDOC is an administrative arm of the municipality, Suffolk County, without an independent legal identity and cannot be sued. *Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the SCCF, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); *Davis v. Riverhead Correction Facility*, No. 11-CV-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011). Similarly, SCCOBA is not a state actor, rendering Plaintiff's Section 1983 claim against it implausible. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[l]abor unions . . . generally are not state actors"); *Minerva v. County of Suffolk*, No. 15-CV-6433 (JFB) (AKT), 2017 WL 395209 at *3 (E.D.N.Y. Jan. 30, 2017) (holding Suffolk County union defendants were not state actors under any theory).

Given Plaintiff's *pro se* status and the special solicitude afforded such litigants, the Court has considered whether he has alleged a plausible claim when construed as against the municipality, Suffolk County, and finds that he has not. As this Court has recently explained:

> Municipal governments, like Suffolk County, may be held liable under Section 1983 'only for unconstitutional or illegal policies, not for the illegal conduct of their employees.' *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section 1983, 'the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.' (*id.*) (internal quotation marks and citation omitted).

5

*Parker v. Suffolk County Police Dep't*, No. 22-CV-3969(GRB)(AYS), 2023 WL 5047784, at *6 (E.D.N.Y. Aug. 7, 2023).   As is readily apparent, Plaintiff's sparse complaint is devoid of any such allegations. Plaintiff has not pled that the alleged use of force or the allegedly unconstitutional medical treatment - - or lack thereof - - were the result of any policies or practices of Suffolk County.   *See*, *e.g.*, *Parker*, 203 WL 5047784, at *6 (citing *Joyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom"). Accordingly, even when liberally construed as against Suffolk County, Plaintiff's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

    **B.   Section 1983 Claims Against the Individual Defendants**

Although Plaintiff names the Jail's medical director Geraci, and three Suffolk County corrections officers (C.O. Lombardi, C.O. Chafin, and C.O. John Doe) in the caption and "Parties" section of the complaint, none of them are mentioned in the body of the complaint. *See* DE 1 *in toto* and at ¶¶ I, III.   "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."   *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted).   Simply naming the individuals against whom relief is sought is insufficient because "bald assertions and conclusions of law" are

6

do not establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Indeed, "'[d]ismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.'" *Dean v. Annucci*, No. 22-CV-0746, 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023) (quoting *Cipriani v. Buffardi*, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (*add'l* citation omitted)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

To the extent that Plaintiff seeks to impose liability upon Geraci given the supervisory position he allegedly holds, it is well established that an individual will not be held liable by virtue of his or her supervisory position alone. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Indeed, the Second Circuit Court of Appeals has made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020).

Here, as is readily apparent, Plaintiff has omitted any factual allegations of conduct or inaction attributable to any of the individual Defendants. *See* DE 1 *in toto*. Thus, in the absence of any alleged personal involvement by these Defendants, Plaintiff has not set forth a plausible Section 1983 claim against them and thus these claims are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b)(1).

### C. Plaintiff Does Not Plausibly Allege a Deliberate Indifference Claim

Even assuming Plaintiff had named a proper defendant and adequately alleged their personal involvement, Plaintiff has not plausibly alleged a deliberate indifference claim for the reasons that follow. Although Plaintiff alleges that his claims arise under Eighth Amendment, he does not allege whether he was a pre-trial detainee or a convicted inmate at the time of the challenged conduct. *See* DE 1 *in toto*. A state pretrial detainee is protected under the Due Process Clause of the Fourteenth Amendment whereas a convicted inmate is protected from cruel and unusual punishment under the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under either amendment, "[t]he deliberate indifference standard embodies both objective and subjective elements: (1) the alleged deprivation must be, in objective terms, sufficiently serious; and (2) the charged official conduct must act with a sufficiently culpable state of mind." *Espinosa v. Nassau Cnty. Corr. Ctr.*, No. CV 20-223 (GRB), 2020 WL 4614311, at *3 (E.D.N.Y. July 22, 2020) (internal quotation marks and citation omitted). Although a deliberate indifference claim under either the Eighth or Fourteenth amendment has an objectively "sufficiently serious" injury requirement, there is a difference in the second requirement - - the state of mind of the defendant - - dependent upon which amendment is applicable. Under the Fourteenth Amendment, a plaintiff must allege that the defendant acted with a subjectively sufficient state of mind, *i.e.*, the defendant "knew or should have known" that "an excessive risk to health or safety" would result. *Id*. In contrast, under the Eighth Amendment, "[d]eliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. A prison official does not act in a deliberately indifferent manner unless that official knows of and disregards an excessive risk to inmate health

8

or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (internal quotation marks and citation omitted).

Here, wholly absent from Plaintiff's complaint are any facts from which the Court could reasonably construe a plausible deliberate indifference claim under either amendment. Indeed, given the absence of any allegations concerning any individual - - much less his state of mind - - Plaintiff's Section 1983 claims fail and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-

9

law claims contained in Plaintiff's complaint.

### III.     Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, in an abundance of caution, Plaintiff is granted leave to file an amended complaint to afford him an opportunity to allege as plausible claim against a proper defendant. If Plaintiff chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 23-CV-7732(GRB)(AYS). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed.in accordance with this Order. Alternatively, Plaintiff may pursue any valid claims he may have in state court.

### CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 2) is granted. However, complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to amend the complaint against a proper defendant in accordance with this Order, he shall do so within thirty (30) days from the date of this Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 23-CV-7732(GRB)(AYS). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. The Clerk of the Court shall also mail a copy

of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

_____

**Gary R. Brown**
**United States District Judge**

Dated:    November 15, 2023
          Central Islip, New York